**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| IVORY BRYANT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 4:09CV1802-DJS |
| | ) | |
| APPLIED SWEEPERS, LTD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

<u>ORDER</u>

Now before the Court is defendant Eco-Systems, Inc.'s motion to dismiss [Doc. #8] plaintiff Ivory Bryant's complaint [Doc. #1]. Plaintiff has not opposed or otherwise responded to defendant's motion, and the time to do so has expired. Accordingly, defendant Eco-Systems' motion is ready for disposition.

**Standard of Review**

Under Federal Rule of Civil Procedure 8(a)(2), a pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." The pleading standard Rule 8 announces does not require "detailed factual allegations," <u>Bell Atl. Corp. V. Twombly</u>, 550 U.S. 544, 555 (2007), but "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." <u>Aschcroft v. Iqbal</u>, __ U.S. __, 129 S. Ct. 1937, 1949 (2009). A pleading that offers legal conclusions, a formulaic

recitation of elements, or naked assertions devoid of factual enhancement does not suffice.  Id.

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face."  Id. A claim has facial plausibility when the alleged facts allow a court to draw the reasonable inference that the defendant is liable for the misconduct alleged.  Id.  When a complaint contains well-pleaded factual allegations, a court should assume the well-pleaded facts are true and then determine whether they plausibly entitle the plaintiff to relief.  Id. at 1949-50.

Only well-pleaded facts are accepted as true, while "[t]hreadbare recitals of the elements of a cause of action" and legal conclusions are not.  Id. at 1949.  "[L]egal conclusions can provide the framework of a complaint, [but] they must be supported by factual allegations."  Id. at 1950.  When a complaint contains well-pleaded factual allegations, a court should determine whether they plausibly entitle the plaintiff to relief.  Id.  If the well-pleaded facts do not plausibly entitle the plaintiff to relief, the claim should be dismissed.  Id.

**Discussion**

In his complaint, plaintiff alleges that, in 2005, he was operating a street and sidewalk sweeping device known as a "Green Machine," model 424.  Plaintiff further alleges that while he was

operating the Green Machine, the suction aperture underneath the product bottomed out, made contact with an uneven surface on the ground, and "kicked back," causing physical injury to plaintiff. Plaintiff alleges that the product was manufactured and distributed by defendants Applied Sweepers, LTD, and Applied Sweepers, Inc., and was maintained or repaired by defendant Eco-Systems.[1] Relevant to the instant motion, plaintiff alleges that defendant Eco-Systems was negligent because it: failed to warn users of the dangers of the product; failed to warn users that there was no safety cut-off switch on the product; failed to design, install, alter, or repair the product to include an automatic height adjuster; failed to warn that users must sit on the product to avoid injury; failed to provide written warnings; and failed to maintain or repair the product to keep the product in a reasonably safe condition. Doc. #1, pp. 2-6.

Defendant Eco-Systems, in support of its motion to dismiss, argues that, under Missouri law, it was under no duty to warn of general dangers associated with the product which were unrelated to the specific repair work performed. Further, defendant Eco-Systems argues that it was under no duty to repair product defects of which it was unaware. Defendant argues that liability would lie, if at all, under theories of contract or

---

[1]On March 3, 2010, the Court dismissed without prejudice all claims asserted against defendant Applied Sweepers, Inc., pursuant to Rule 4(m). See Doc. #17.

implied warranty, not tort, and that plaintiff fails to allege any facts which show negligence on the part of defendant Eco-Systems. Defendant Eco-Systems requests that plaintiff's claims against it be dismissed with prejudice. Doc. #9, pp. 1-3.

Plaintiff alleges that he is a citizen of Illinois, that defendant Eco-Systems is a Missouri corporation with an office and registered agent in St. Louis, Missouri, that defendant Applied Sweeper, LTD, is a foreign corporation organized under the laws of Scotland, and that the amount in controversy exceeds $75,000.00. Accordingly, the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332, and Missouri law controls this diversity case. <u>Kunferman v. Ford Motor Co.</u>, 112 F.3d 962, 965 (8th Cir. 1997).

Plaintiff must establish the following elements in order to succeed on his negligence claims: (1) defendant Eco-Systems owed a duty of care to plaintiff; (2) defendant Eco-Systems breached that duty; (3) the breach was the proximate cause of plaintiff's injury; and (4) as a result of the breach, plaintiff suffered damages. <u>Heffernan v. Reinhold</u>, 73 S.W.3d 659, 665 (Mo. App. 2002). "[I]n any action for negligence, the plaintiff must establish that the defendant had a duty to protect the plaintiff from injury, the defendant failed to perform that duty, and the defendant's failure proximately caused injury to the plaintiff." <u>L.A.C. ex rel. D.C. v. Ward Parkway Shopping Ctr. Co.</u>, 75 S.W.3d 247, 257 (Mo. 2002) (en banc).

Under Missouri law, a repairer who undertakes the repair of chattel and who delivers it back with knowledge that it contains a defect because of the work which he is employed to do upon it can be held liable for failing to warn of that defect. See Menz v. New Holland N. Am., Inc., 440 F.3d 1002, 1004-05 (8th Cir. 2006) (citing Restatement (Second) of Torts § 388 cmt. c (1965)). However, there is no duty to warn of general dangers associated with a product unrelated to the specific repair work performed. Id. at 1005. Further, under Missouri law, while a repairer owes a duty to use reasonable care in the repair of products, a repairer has no ongoing duty to maintain a product that is not under his control. Bellamy v. Law, 2009 WL 1508765 (W.D. Mo. May 27, 2009) (citing Cent. & S. Truck Lines, Inc. v. Westfall GMC Truck, Inc., 317 S.W.2d 841, 845-46 (Mo. App. 1958)).

For purposes of the instant motion, there is no dispute that defendant Eco-Systems performed maintenance work on the Green Machine. However, plaintiff's allegations regarding a general duty to warn of product defects (regardless of whether such defects were related to the repair work defendant Eco-Systems was asked to perform) fails to establish a specific repair made or requested that would set on defendant Eco-Systems a duty to warn of a defect. That is, there is no allegation that, after performing maintenance work on the Green Machine, defendant Eco-Systems delivered it with knowledge that it had a defect relating to the work which defendant Eco-Systems was employed to do, but failed to warn of that defect.

5

Further, plaintiff fails to plead any facts that show defendant Eco-Systems knew of a defect or had been ordered to repair a defect but failed to use reasonable care in repairing or failing to warn of such a defect. Accordingly, plaintiff has not established a duty owed to him by defendant Eco-Systems, a necessary element of his negligence claims against defendant Eco-Systems. The Court will therefore grant defendant Eco-Systems' motion to dismiss.

For the above stated reasons,

**IT IS HEREBY ORDERED** defendant Eco-Systems, Inc.'s motion to dismiss [Doc. #8] is granted.

Dated this  25th  day of May, 2010.

/s/Donald J. Stohr
UNITED STATES DISTRICT JUDGE