UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

IVORY BYRANT, )
 )
        Plaintiff, )
 ) No. 4:09-CV-1802 CAS
   v. )
 )
APPLIED SWEEPERS LTD., et al., )
 )
        Defendants. )

**MEMORANDUM AND ORDER**

    Pending before the Court, <u>inter</u> <u>alia</u>, is plaintiff Ivory Byrant's motion to amend the Case Management Order ("CMO"). Defendant filed a response and opposes the motion. Plaintiff failed to file a reply, and the time to do so has expired. Therefore, the motion is ripe for review.

    On October 3, 2009, plaintiff filed a complaint against Applied Sweepers Ltd.[1], in which he alleged defendant placed into the stream of commerce a defective street and sidewalk sweeper, and that the sweeper did not carry the proper warnings. Plaintiff alleges he was injured as a result of the defective design and inadequate warnings. This is the second suit plaintiff has filed against defendant based on the same claims. Plaintiff's original suit, <u>Bryant v. Applied Sweepers, Ltd., et al.</u>, 4:07-CV-1403 CDP, was filed on August 6, 2007, and assigned to the honorable Catherine D. Perry. After the expiration of the expert disclosure deadline, plaintiff moved to voluntarily dismiss that case, over defendant's objections, and the motion was granted.

---

[1] Plaintiff also named Applied Sweepers, Inc. and Eco-Systems, Inc. as defendants in the complaint. Applied Sweepers, Inc. was dismissed without prejudice pursuant to Rule 4(m) of the Federal Rules of Civil Procedure for plaintiff's failure to serve this defendant. Eco-Systems, Inc. was dismissed on a Rule 12(b)(6) motion to dismiss for failure to state a claim.

The above-captioned case was originally assigned to then Magistrate Judge Audrey G. Fleissig, and was subsequently transferred to the Honorable Donald J. Stohr, who entered a CMO on July 6, 2010.[2] Under the terms of the CMO, plaintiff was to disclose expert witnesses on or before December 15, 2010. The experts were to be deposed no later than February 1, 2011. Defendant, in turn, was to disclose its expert witnesses no later than March 1, 2011, who were to be deposed no later than April 15, 2011. Discovery closed on April 15, 2011, and the case is set for trial on September 19, 2011.

The expert disclosure deadlines have passed, and plaintiff did not disclose any experts. On January 18, 2011, defendant filed a motion to dismiss on the ground that plaintiff failed to disclose any expert witnesses. Plaintiff did not respond to the motion. On May 12, 2011, defendant filed a motion for summary judgment, in which it argued plaintiff cannot prove his product liability claims because he failed to disclose any expert witnesses. Plaintiff again did not respond to the merits of defendant's motion for summary judgment, but rather he filed a motion asking that the Court reset and extend the expert disclosure deadlines. In his motion, plaintiff states, without elaboration, that he was unable to retain an expert until the date of the motion due to "financial circumstances." Without providing an expert disclosure report required under Rule 26 (a)(2), he states that he will disclose Roger D. Star as his expert.

Defendant opposes the motion to amend the CMO. It argues plaintiff has failed to show good cause for modifying the CMO. Defendant argues four years have passed since plaintiff originally filed his suit, and over two and a half years ago, when plaintiff moved to voluntarily

---

[2]On January 5, 2011, upon Judge Stohr's retirement, the case was transferred to the undersigned.

dismiss his original suit, plaintiff also represented that he could not disclose experts due to financial reasons.

Under applicable law a CMO should not be modified absent good cause shown. Bradford v. DANA Corp., 249 F.3d 807, 809 (8th Cir. 2001) ("[a CMO 'shall not be modified except upon a showing of good cause and by leave of the district judge.'") (quoting Fed. R. Civ. P. 16(b)). "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the [CMO]'s requirements." Id. (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). "The existence or degree of prejudice to the party opposing the modification and other factors may also affect the decision." Id.

Here, plaintiff let his expert disclosure deadline pass without moving for an extension. He did not respond to defendant's motion to dismiss, and only asked to amend the CMO to extend the expert deadlines after defendant filed for summary judgment – over five months after his expert disclosure deadline had passed and more than a month after discovery had closed. Additionally, the reason plaintiff gives for the requested modification – unspecified financial issues – was the same reason plaintiff said he was voluntarily dismissing his original suit in October 2008, over two and a half years ago. In light of the aforementioned, the Court finds plaintiff has not established good cause for modifying the CMO.

The Court recognizes that by refusing to reset and extend the expert disclosure deadlines, the Court is essentially excluding plaintiff's expert for lateness. The Court finds, in its discretion, that exclusion is warranted in this case. Trost v. Trek Bicycle Corp., 162 F.3d 1004 (8th Cir. 1998). As stated above, plaintiff has not provided substantial justification for his lateness. Id. at 1008. Furthermore, the Court finds plaintiff's delay was not harmless. Defendant briefed a motion to

dismiss and motion for summary judgment, to which plaintiff did not respond. Discovery has closed, and trial less than 60 days away. Extensively amending the CMO as plaintiff requests would disrupt the trial setting and further delay resolution of plaintiff's claims against defenadnt, which have been pending against defendant for essentially four years. Id. See also Sellers v. Mineta, 350 F.3d 706, 711-12 (8th Cir. 2003); Marti v. City of Maplewood, 57 F.3d 680, 683 (8th Cir. 1995). Finding plaintiff has not established good cause, and that his lateness was neither justified nor harmless, plaintiff's motion to amend the CMO will be denied and the Court will not extend and reset the expert disclosure deadlines.

Also pending before the Court is plaintiff's motion for extension of time to designate a neutral and for ADR. At this late juncture and due to the posture of the case, the Court does not believe participation in ADR would be productive, especially in light of defendant's pending motion for summary judgment. Therefore, the Court will deny plaintiff's motion for extension of time to designate a neutral, and it will vacate the Order referring the case to ADR.

Finally, plaintiff shall respond on the merits to defendant's motion for summary judgment. In his response, plaintiff shall address whether and how, without expert testimony, he can establish his claims for strict liability and negligence based on his theories of defective design and failure to warn.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to amended the Case Management Order is **DENIED.** [Doc. 41]

**IT IS FURTER ORDERED** that plaintiff's motion for additional time to designate a neutral and for ADR is **DENIED.** [Doc. 35]

4

**IT IS FURTHER ORDERED** that the Court's March 28, 2011 Order referring the case to ADR is **VACATED.**

**IT IS FURTHER ORDERED** that consistent with the terms of this Order, plaintiff shall file a memorandum in response to defendant's motion for summary judgment on or before **July 27, 2011.** Defendant shall file a reply memorandum on or before **August 3, 2011.**

_____
**CHARLES A. SHAW**
**UNITED STATES DISTRICT JUDGE**

Dated this  20th   day of July, 2011.